IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Fernando Martinez, #1671,<br><br>Plaintiff,<br><br>v.<br><br>John W. Hamrick,<br><br>Defendant. | C/A No. 6:26-cv-01551-JD-SVH<br><br>**ORDER AND OPINION** |

This matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges (DE 9), issued pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report recommends dismissing Plaintiff Fernando Martinez's ("Plaintiff") pro se complaint without prejudice and without leave to amend under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Plaintiff filed objections to the Report (DE 11), principally challenging the constitutionality of the state magistrates' issuance of his arrest warrants. For the reasons below, the Court overrules Plaintiff's objections and adopts the Report, as supplemented by this Order.

**A. Background**

Plaintiff, a pretrial detainee at the Greenville County Detention Center, filed this action under 42 U.S.C. § 1983 against Greenville County Sheriff's Deputy John W. Hamrick ("Defendant"). (DE 1.) Plaintiff alleges that Defendant obtained an arrest warrant without probable cause through fabricated evidence, violating his rights

under the Fourth and Fourteenth Amendments. He also invokes federal and state criminal statutes, alleges conspiracy and denial of equal protection, and seeks federal intervention in his pending state criminal proceedings. (DE 1 at 4–6.)

The complaint concerns an arrest warrant issued on September 15, 2024, charging Plaintiff with kidnapping. (DE 1-1 at 3.) According to the warrant affidavit, Defendant obtained information from sworn statements indicating that Plaintiff attempted to remove a child from the child's mother and leave with the child. The affidavit identifies Plaintiff as the child's biological father but states that he was not listed on the birth certificate and had not sought parental custody. (*Id.*)

Plaintiff disputes the warrant's validity and relies principally on perceived inconsistencies between the warrant and a police report concerning an earlier domestic-violence incident. That report describes an encounter on June 1, 2024, involving Plaintiff and the child's mother. (DE 1-1 at 4–5.) Plaintiff contends that discrepancies concerning the mother's telephone and vehicle keys demonstrate that the criminal allegations were fabricated. (DE 1-1 at 1–2.)

The Magistrate Judge concluded that the documents concern separate incidents and that Plaintiff had not alleged sufficient facts to establish that Defendant knowingly or recklessly provided materially false information to obtain the kidnapping warrant. (DE 9 at 9–12.) The Report also concluded that Plaintiff failed to state his remaining federal claims and that his requested release on bond and interference with the pending state prosecution are unavailable through this § 1983 action. (DE 9 at 6–16.)

Plaintiff filed timely objections on May 4, 2026. (DE 11.) He primarily contends that the state magistrates who issued his arrest warrants were not neutral and detached because they maintained offices at the Greenville County Detention Center. According to Plaintiff, this arrangement improperly combines judicial and law-enforcement functions and violates constitutional separation-of-powers principles. (DE 11 at 1–6.) Plaintiff cites federal constitutional decisions, provisions of the South Carolina Constitution, and several South Carolina statutes addressing the judicial system and law enforcement. He also requests declaratory relief.

**B. Legal Standard**

A magistrate judge's recommendation has no presumptive weight, and responsibility for the final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Under 28 U.S.C. § 636(b)(1), the Court must make a de novo determination of those portions of the Report to which a party makes a specific objection.

Because Plaintiff proceeds pro se, his objections must be liberally construed. An objection warrants de novo review when it reasonably identifies the disputed finding or recommendation, even if it repeats arguments previously presented. *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). When no specific objection is made, the Court need only satisfy itself that no clear error appears on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff identifies the Report's Fourth Amendment analysis and specifically disputes whether the magistrates who issued his arrest warrants satisfied the constitutional requirement of neutrality and detachment. The Court, therefore, reviews that issue de novo. The remaining portions of the Report, to which Plaintiff raises no discernible specific objection, are reviewed for clear error.

Because Plaintiff proceeds in forma pauperis, the Court must dismiss his complaint if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). At this stage, the Court accepts well-pleaded factual allegations as true and construes them in Plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although pro se pleadings receive liberal construction, the Court need not accept conclusory allegations or supply facts necessary to state a cognizable claim. *Weller v. Department of Social Services*, 901 F.2d 387, 390–91 (4th Cir. 1990). The Court must liberally construe Plaintiff's pro se allegations to identify the strongest legal theories they plausibly support. That obligation, however, does not require the Court to construct additional claims from isolated references or assume the role of Plaintiff's advocate. *See Jackson v. Dameron*, 171 F.4th 641, 648–51 (4th Cir. 2026).

## C. Discussion

### 1. Neutral-and-Detached Magistrate Requirement

Plaintiff's principal objection is that the magistrates who issued his arrest warrants lacked the neutrality and independence required by the Fourth Amendment because their offices were located at the Greenville County Detention Center. (DE 11

at 1–4.) Plaintiff characterizes this arrangement as an unconstitutional combination of judicial and executive authority.

The Fourth Amendment requires that warrants be issued by neutral and detached judicial officers capable of determining whether probable cause exists. *Shadwick v. City of Tampa*, 407 U.S. 345, 350–51 (1972). A warrant may be constitutionally defective when the issuing official is personally involved in the investigation or otherwise lacks the independence necessary to perform the judicial function. *See Coolidge v. New Hampshire*, 403 U.S. 443, 449–53 (1971); *Connally v. Georgia*, 429 U.S. 245, 250–51 (1977) (per curiam).

But the constitutional inquiry concerns the issuing official's independence and ability to exercise neutral judgment, not merely the physical location of the official's workplace. In *Shadwick*, the Supreme Court upheld the authority of municipal court clerks to issue certain arrest warrants because they performed judicial functions independently of law enforcement. 407 U.S. at 350–53.

Here, even accepting Plaintiff's allegation that the issuing magistrates maintained offices at the detention center, that circumstance does not establish that either magistrate was employed by law enforcement, participated in the investigation, had a personal interest in the prosecution, or otherwise abandoned independent judicial judgment. Plaintiff alleges no specific conduct demonstrating that either magistrate acted as an investigating officer or prosecutor or that Defendant improperly influenced either magistrate's warrant determination.

The South Carolina constitutional and statutory provisions Plaintiff cites do not establish otherwise. South Carolina law provides for the appointment of magistrates as judicial officers. *See* S.C. Code Ann. § 22-1-10(A) (2026). The cited provisions governing separation of powers, magistrates' courts, and law-enforcement responsibilities do not prohibit magistrates from maintaining offices or conducting judicial proceedings at detention facilities.

Moreover, Plaintiff brings this action against Deputy Hamrick, not the issuing magistrates. He alleges no facts showing that Defendant controlled the magistrates' decisions or otherwise participated in a deprivation of their judicial independence. Section 1983 requires a plausible connection between the named defendant's own conduct and the alleged constitutional injury. *See Iqbal*, 556 U.S. at 676.

Accordingly, Plaintiff's assertion that the issuing magistrates were constitutionally disqualified solely because of their office locations does not establish a Fourth Amendment violation attributable to Defendant. This objection is overruled.

**2. Alleged Fabrication of Evidence and Lack of Probable Cause**

The Court also finds no basis to reject the Magistrate Judge's conclusion that Plaintiff failed to state a plausible claim arising from Defendant's procurement of the kidnapping warrant. A law-enforcement officer may be liable under § 1983 for obtaining an arrest warrant through deliberate or reckless material misrepresentations or omissions. *See Miller v. Prince George's County*, 475 F.3d 621, 627–28 (4th Cir. 2007). The issuance of a warrant does not categorically insulate an officer who knowingly provides materially false information to procure it. *See Franks*

*v. Delaware*, 438 U.S. 154, 155–56 (1978); *Evans v. Chalmers*, 703 F.3d 636, 650–51 (4th Cir. 2012).

At the pleading stage, however, the plaintiff must allege facts supporting a plausible inference that the officer deliberately or recklessly provided false information material to probable cause. *See Moretti v. Thorsdottir*, 157 F.4th 352, 359–63 (4th Cir. 2025). The complaint does not satisfy that requirement. Plaintiff relies on perceived contradictions between the September 15, 2024, kidnapping warrant and a report concerning a June 1, 2024, domestic-violence incident. (DE 1-1 at 1–5.) As the Magistrate Judge observed, those documents concern different incidents. The June report's description of the mother's damaged telephone and returned vehicle keys does not contradict the September warrant's allegations concerning the attempted removal of the child. Nor does Plaintiff identify facts showing that Defendant knew the September allegations were false or deliberately omitted information necessary to the probable-cause determination.

The kidnapping warrant attributes the allegations to sworn verbal and written statements concerning the child and mother. It also identifies Plaintiff as the child's biological father, while stating that he was not listed on the birth certificate and had not pursued parental custody. (DE 1-1 at 3.) Plaintiff has not plausibly alleged that Defendant falsified those representations or concealed the biological relationship from the issuing magistrate. The Court expresses no view concerning the merits of any defense to the state kidnapping charge.

The Court does not determine whether Plaintiff committed kidnapping or whether the State can ultimately sustain the charge. Those questions remain for the state criminal proceedings. The narrower question here is whether Plaintiff has plausibly alleged a Fourth Amendment violation by Defendant in procuring the warrant. He has not. Accordingly, the Court finds no basis to disturb the Report's recommended dismissal of Plaintiff's Fourth Amendment claim.

**3. Requested Relief and Pending State Criminal Proceedings**

Plaintiff also seeks release on bond and federal intervention in his pending state prosecution. (DE 1 at 6.) He invokes *Dombrowski v. Pfister*, 380 U.S. 479 (1965), as authority for such relief. (*Id.*) The Magistrate Judge correctly concluded that Plaintiff cannot obtain release from custody through this § 1983 action. When a prisoner challenges the fact or duration of confinement and seeks immediate or speedier release, the appropriate federal remedy ordinarily lies in habeas corpus rather than § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 487–90 (1973).

Federal intervention in Plaintiff's pending state criminal proceedings is also restricted by principles of comity and federalism. Under *Younger v. Harris*, 401 U.S. 37, 43–54 (1971), federal courts ordinarily refrain from enjoining ongoing state criminal prosecutions absent extraordinary circumstances, such as bad faith, harassment, or an inability to vindicate federal rights through the state proceedings. *See also Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72–73, 78 (2013).

Plaintiff has not alleged facts establishing such circumstances. His disagreement with the probable-cause determination and his contention that the

issuing magistrates were not neutral may be presented through available state procedures. His allegations do not establish that the state courts are unable or unwilling to consider his constitutional arguments.

Even construing Plaintiff's objections as requesting declaratory relief, that request does not alter the result. The principles restricting federal injunctions against pending state criminal proceedings generally apply to declaratory relief that would interfere with those proceedings. *See Samuels v. Mackell*, 401 U.S. 66, 69–74 (1971).

Accordingly, Plaintiff's requested release on bond and federal interference with his pending state prosecution are unavailable in this action.

**4. Remaining Claims**

The Court has reviewed the Report's treatment of Plaintiff's remaining constitutional and statutory claims for clear error and finds none. Insofar as Plaintiff characterizes the asserted warrant fabrication as a separate Fourteenth Amendment substantive due process violation, the alleged injury here is the assertedly unlawful arrest and resulting pretrial detention. The Fourth Amendment supplies the governing standard for that alleged seizure. *See Albright v. Oliver*, 510 U.S. 266, 271–75 (1994); *Manuel v. City of Joliet*, 580 U.S. 357, 364–69 (2017). The complaint alleges no distinct misuse of fabricated evidence supporting a separate due process claim.

Plaintiff also fails to allege facts establishing that Defendant intentionally treated him differently from similarly situated persons without a constitutionally permissible basis. His conclusory reference to equal protection does not state a claim. *See Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).

The Report also correctly concludes that Plaintiff cannot pursue a private civil action under 18 U.S.C. § 241 and cannot invoke the Federal Speedy Trial Act, 18 U.S.C. § 3164, to challenge his state prosecution through this action. *See United States v. Burgess*, 684 F.3d 445, 451 (4th Cir. 2012). His references to 42 U.S.C. § 1985 are likewise unsupported by factual allegations plausibly establishing a conspiracy.

Finally, the South Carolina provisions cited in the complaint—S.C. Code Ann. §§ 16-17-722 and 22-5-110—do not themselves create the private civil causes of action Plaintiff seeks to assert. To the extent the complaint could be construed as alleging independent state-law tort claims, the Court declines to exercise supplemental jurisdiction over those claims following dismissal of the federal claims. *See* 28 U.S.C. § 1367(c)(3).

**5. Leave to Amend**

The Magistrate Judge recommends dismissal without prejudice and without leave to amend. (DE 9 at 16.) The Court concludes that amendment of the theories actually presented in the complaint and objections would be futile. The Report identified the absence of plausible allegations showing that Defendant knowingly or recklessly procured the kidnapping warrant through materially false statements. Plaintiff's objections identify no additional factual basis for that claim. Instead, they advance the legal theory that the issuing magistrates' office locations rendered the warrants unconstitutional. As explained above, the asserted locations alone do not establish a violation by Defendant.

Amendment likewise could not make release on bond or federal interference with the pending state prosecution available through this § 1983 action, or create private civil rights of action under the criminal statutes Plaintiff invokes. Although leave to amend ordinarily should be freely given, it may be denied when amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Because the defects in Plaintiff's asserted theories and requested relief would not be cured by the amendments suggested in his objections, the Court adopts the recommendation to dismiss the federal claims without leave to amend. This determination does not adjudicate any potential claim founded on materially different facts.

**D. Conclusion**

Having conducted a de novo review of Plaintiff's specific objection concerning the neutrality and detachment of the warrant-issuing magistrates, and having reviewed the remaining portions of the Report for clear error, the Court finds no basis to reject the Magistrate Judge's recommended disposition.

Accordingly, the Court **OVERRULES** Plaintiff's Objections (DE 11), **ADOPTS** the Report and Recommendation (DE 9), as supplemented by this Order, and incorporates it herein.

Plaintiff's federal claims in the Complaint (DE 1) are **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), without issuance or service of process. To the extent Plaintiff alleges separate state-law claims, the Court **DECLINES** to exercise

supplemental jurisdiction and **DISMISSES** those claims **WITHOUT PREJUDICE** under 28 U.S.C. § 1367(c)(3).

This Order does not adjudicate Plaintiff's guilt or innocence, determine the validity of his continued detention for purposes of habeas relief, or resolve the merits of his pending state criminal charges.

The Clerk of Court is **DIRECTED** to enter a separate judgment pursuant to Federal Rule of Civil Procedure 58, close this action, and mail a copy of this Order and the judgment to Plaintiff at his address of record.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 13, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order and the accompanying judgment. A notice of appeal must be filed with the Clerk of Court within thirty (30) days after entry of judgment. Fed. R. App. P. 3, 4(a)(1)(A).